**Marion E. PERKINS, Appellant,**

v.

**Clarence W. WALKER, Appellee.**

**No. 4747.**

Court of Civil Appeals of Texas.

Waco.

Oct. 31, 1968.

Rehearing Denied Nov. 14, 1968.

Strasburger, Price, Kelton, Martin & Unis, Robert Keith Drummond, Arlen Dean Bynum, Dallas, for appellant.

Floyd Shumpert, Kaufman, for appellee.

OPINION

McDONALD, Chief Justice.

This is a venue case. Plaintiff Walker sued defendant Perkins in Kaufman County, for damages resulting from defendant's alleged negligence when defendant ran his automobile into plaintiff's automobile at an intersection in the City of Mabank, Kaufman County, Texas. Defendant filed his plea of privilege to be sued in Henderson County, the county of his residence. Plaintiff filed controverting plea alleging negligence on the part of defendant in Kaufman County, within the meaning of Section 9a, Article 1995 Vernon's Ann. Civ.St. After hearing without a jury, the Trial Court overruled defendant's plea of privilege.

Defendant appeals, contending the trial court erred in overruling his plea of privilege because: 1) Plaintiff failed to prove that defendant committed any act or omission of negligence which was a proximate cause of the collision; and 2) There is no competent evidence in the record to show that defendant was the operator of one of the automobiles involved in the collision.

Plaintiff testified the collision occurred on October 15, 1967 at the intersection of Highways 90 and 175 in the City of Mabank, Kaufman County; that the plaintiff was driving north on Highway 90, and defendant was driving west on Highway 175; that plaintiff stopped at a stop sign facing him at the intersection, looked to right and left and then proceeded; and when he was about two-thirds across, he was struck by defendant's automobile. Plaintiff further testified that defendant was traveling 65 or 70 miles an hour, and that the speed limit in Mabank was 30 miles an hour.

Plaintiff further testified that "I seen him when he was 10 feet from me or something like that, just like the bat of your eye", and defendant contends that this is determinative that plaintiff didn't know how fast defendant's automobile was traveling. We reject the contention. Plaintiff unequivocally testified defendant was traveling 65 or 70 miles an hour. The trial court had a right to believe this testimony. Plaintiff sustained personal injuries as well as damage to his automobile.

Plaintiff further testified he knew who was driving the automobile which collided with him; that it was "Marion E. Perkins"; that he talked with Mr. Perkins after the accident, and Mr. Perkins said he was "sorry"; that he learned Mr. Perkins' name from the Highway Patrolman.

We think the evidence ample to support the trial court's determination that defendant was guilty of negligence occur-

ring in Kaufman County, and that defendant Perkins was the operator of the automobile which struck plaintiff's automobile.

Defendant's points are overruled.

Affirmed.